**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**ABC IP, LLC, a Delaware limited liability company,**                    **PLAINTIFFS**
**and RARE BREED TRIGGERS, INC.,**
**a Texas corporation**

**v.**                                        **CIVIL ACTION NO. 3:25cv454-CWR-ASH**

**JESSE T. KLINE, an individual**                          **DEFENDANT**

**MEMORANDUM BRIEF IN SUPPORT OF
<u>RESPONSE TO DEFENDANTS' MOTION TO DISMISS</u>**

Plaintiffs, ABC IP, LLC, ("ABC") and Rare Breed Triggers, Inc. ("Rare Breed"), submit this Memorandum Brief in Support of their Response to Defendant Jesse T. Kline's Motion to Dismiss.

**INTRODUCTION**

This is a patent infringement case brought by ABC, the current assignee and owner of all rights, title, and interest in and to U.S. Patent No. 12,038,247 (the "'247 Patent"), and Rare Breed, the exclusive licensee of the '247 Patent, against Jesse T. Kline. Kline seeks dismissal of the Complaint for lack of personal jurisdiction, insufficient process, and insufficient service of process. Alternatively, Kline asks the Court to quash service of process. The Court should deny Kline's Motion to Dismiss because he waived the defenses he is now attempting to assert by failing to timely file his Motion. Even if he did not waive those defenses, the Motion should be denied because Kline was domiciled in Mississippi when the Complaint was filed, the summons complies with the requirements of Federal Rule of Civil Procedure 4(b) and he was served with a copy of the complaint and summons as required by Federal Rule of Civil Procedure 4(e) and Mississippi Rule of Civil Procedure 4(d),

1

## FACTS

Plaintiffs filed their Complaint in this action on June 23, 2025, and asserted one cause of action against Kline: indirect infringement of the '247 Patent. The Complaint includes specific allegations to support their claim, but generally, Plaintiffs allege that Kline "has and is currently making, using, selling, and/or offering for sale a 3-Position 'Super Safety'" and as a result "has and continues to willfully contributorily infringe and/or induce infringement of at least Claim 15 of the '247 Patent." Compl. ¶¶21 and 32. Plaintiffs alleged that personal jurisdiction is proper in the Southern District of Mississippi because Kline resides in and/or has a place of business in the District. Compl. ¶7, Dkt. No. 1.

Plaintiffs hired a private investigator, Prevail Investigations, LLC to locate and serve Kline with a copy of the Complaint and Summons. Ben Roberts of Prevail Investigations first attempted to serve Kline at his home at 643 April Sound in Pearl, Mississippi, on June 30, 2025, one week after Plaintiffs filed their Complaint. *See* Declaration of Ben Roberts, Exhibit "1" to Plts. Resp., at ¶6. Kline intentionally evaded service for months. *See id.* After Roberts's first attempt to serve Kline, Kline taped a note to the front door that read, "Jesse Kline Does Not Live Here Moved Out of State, New Owners." *See* Photographs of Note, Exhibit "2" to Plts. Resp. Roberts spoke to Kline multiple times through the doorbell surveillance system at Kline's residence. Each time they spoke, Roberts observed a vehicle in Kline's driveway with an ownership history that includes both Kline and his wife Kristen. *See* Declaration of Roberts, Exh. "1" to Plts. Resp. and Executed Summons, Dkt. No. 8. Kline never came to the door to accept service and insisted that he does not live at the home. *See* Declaration of Roberts, Exh. "1" to Plts. Resp. and Executed Summons.  However, in his motion, Kline admits that he owns the home.

2

Out of an abundance of caution, Plaintiffs filed their Motion to Extend Time Period for Service, Dkt. No. 7, on September 19, 2025, which the Court granted. Then, on September 21, 2025, Roberts again spoke with Kline through the doorbell surveillance system at Kline's home, told him he was leaving papers for Mr. Kline at his doorstep, and left the summons and Complaint at his front door. *See* Declaration of Roberts, Exh. "1" to Plts. Resp., and Executed Summons.

Kline's answer was due on October 13. He filed his Motion to Dismiss on October 14, arguing that the Court cannot exercise personal jurisdiction over him, that he was not served properly, and that the summons was defective. He contends that he is domiciled in Utah, not Mississippi. In support, he submitted a photograph of a Utah driver's license, a concealed carry permit, a vehicle registration certificate, and a screenshot of a webpage with voter registration information.

Recent records contradict the documents Kline submitted and show that Kline was domiciled in Mississippi when the Complaint was filed. In March 2025, Kline and his wife Kristen were issued a marriage certificate in Rankin County, Mississippi. *See* Certificate of Marriage, Exhibit "3" to Plts. Resp. Then, on June 24, 2025, the day after the Complaint was filed, Kline conveyed his home in Pearl to his wife and Theodore Joseph Kline[1]. *See* June 2025 Deed, Exhibit "4" to Plts. Resp. On August 6, 2025, Kline filed an annual report for Behind Enemy Lines LLC, an Illinois limited liability company managed by Kline, and listed the company's principal place of business as 643 April Sound. *See* Behind Enemy Lines Annual Report dated August 6, 2025, Exhibit "5" to Plts. Resp.

---

[1] Presumably, Kline is using Thoedore Joseph Kline as an alias since he described the property in his Memorandum in Support of his Motion to Dismiss as "Defendant's private land." *See* Defendant's Mem. at 2, Dkt. No. 10.

Kline's wife's domicile provides further support for Plaintiffs' position. On January 29, 2025, a nursing license was issued to Kristen Kline under her former name, Kristen Petrus. *See* Board of Nursing License Verification, Exhibit "6" to Plts. Resp. In May 2025, Mrs. Kline formed KP Holding LLC, a Mississippi limited liability company. *See* KP Holding LLC Certificate of Formation, Exhibit "7" to Plts. Resp. According to KP Holding LLC's Certificate of Formation, Kristen Kline serves as the manager and registered agent for the company and can be served at 643 April Sound, Pearl, Mississippi 39208. *Id.*

## LAW & ARGUMENT

Kline asks the Court to dismiss this action for lack of personal jurisdiction, insufficient process, and insufficient service of process, pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5). The Motion should be denied because Kline waived those defenses when he failed to file his Motion within the time allotted for responding to the Complaint under Rule 12(h). Even so, his motion should also be denied because he was domiciled in Mississippi when the Complaint was filed, the summons was properly issued, and he was served at his home despite his attempts to evade service.

I. **Kline waived the defenses raised in his Motion to Dismiss by failing to file his Motion within twenty-one days of being served with the Complaint and Summons.**

The Court should deny Kline's Motion because he waived all the defenses he attempted to assert. Under Federal Rule of Civil Procedure 12(h), a defendant waives the defenses listed in Rule 12(b)(2)-(5) if he fails to file a motion asserting those defenses within the 21-day period allotted for responsive pleadings. *See World Floor Covering Ass'n v. Golconda Holdings, LLC*, No. 1:20-cv-335-LG-RPM, 2021 U.S. Dist. LEXIS 11130, at *4 (S.D. Miss. Jan. 21, 2021). Kline was served on September 21, 2025. *See* Executed Summons, Dkt. No. 8. Thus, his deadline to serve an answer

was October 13, 2025. *See* Fed. R. Civ. P. 12(a). Kline did not serve or file anything in this case on or before October 13. Rather, he filed his motion on October 14 and attempted to present defenses provided in Rules 12(b)(2), 12(b)(4), and 12(b)(5). *See* Motion to Dismiss, Dkt. No. 9 at 1. Kline therefore waived the defenses raised in his Motion. And importantly, Kline's deadline to respond to the Complaint expired before he filed his Motion, and he still has not moved for an extension. As a result, the Court currently cannot allow an extension of the deadline. *See* Fed. R. Civ. P. 6(b)(1)(A)-(B); *see World Floor Covering Ass'n*, 2021 U.S. Dist. LEXIS 11130, at *5 (stating that Court cannot consider untimely motion to dismiss as post-deadline motion for extension under Rule 6(b)). Kline's Motion should be denied.

## II. Kline is subject to personal jurisdiction in the Southern District of Mississippi because he is domiciled in Pearl, Mississippi.

Kline argues that the United States District Court for the Southern District of Mississippi lacks personal jurisdiction over him. Since Plaintiffs seek to "invoke the power of the court," they bear the burden of establishing jurisdiction by a *prima facie* showing. *See Edney v. Collins*, No. 4:24-CV-58-DMB-DAS, 2025 U.S. Dist. LEXIS 58700, at *3 (N.D. Miss. Mar. 28, 2025) (quoting *Bouchillon v. SAME Deutz-Fahr, Grp.*, 268 F. Supp. 3d 890, 896-97 (N.D. Miss. 2017)). Because personal jurisdiction is challenged under Rule 12(b)(2), the Court must accept Plaintiffs' uncontroverted allegations and resolve in their favor "all conflicts between the facts contained in the parties' affidavits and other documentation." *Id.* (quoting *Bouchillon*, 268 F. Supp. 3d at 896-97).

Undoubtedly, "[t]he Court's exercise of personal jurisdiction over a defendant must comport with due process." *Downrange Operations & Training, LLC v. MGS Sales, Inc.*, No. 3:12-CV-65-DPJ-FKB, 2012 U.S. Dist. LEXIS 86077, at *6-7 (S.D. Miss. June 21, 2012) (citing *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006)). Two categories of personal

jurisdiction exist: specific jurisdiction, which applies when an action "arises out of or relates to the defendant's contacts with the forum," *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923-24 (2011) (citation modified), and general jurisdiction, which applies where "the continuous corporate operations within a state are so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Id.* at 924 (citation modified) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 318)). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile . . . ." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). And "[a] person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Brown v. Mut. of N.Y. Life Ins. Co.*, 213 F. Supp. 2d 667 (S.D. Miss. May 2002) (internal quotation marks omitted) (quoting *Mas v. Perry*, 489 F.2d 1396,1399 (5th Cir. 1974)).

Kline is subject to general personal jurisdiction in this Court because he lives in and is domiciled in Pearl, Mississippi, or at least he was when the Complaint was filed. Kline's domicile is the state in which he lives until the evidence establishes otherwise. *See Cheshire v. Okundaye*, No. 3:06cv165HTW-JCS, 2007 U.S. Dist. U.S. Dist. LEXIS 109550, at *5 (S.D. Miss. Aug. 31, 2007) (citing *District of Columbia v. Murphy*, 314 U.S. 441, 445 (1941); *Computer People, Inc. v. Computer Dimensions Int'l, Inc.*, 638 F. Supp. 1293, 1295 (M.D. La. 1986)). In the Complaint, Plaintiffs alleged that Kline resides in Mississippi. Further investigation supports their allegation.

Seeking dismissal, Kline argues that he is domiciled in Utah, not Mississippi, and submitted photographs of four significantly redacted documents to support his assertion. Specifically, Kline provided a driver's license, a concealed firearm permit, a vehicle registration certificate, and a screenshot from Vote.Utah.gov purportedly showing his voter registration information. *See*

6

Exhibits 3, 4, and 5 to Kline's Mot. to Dismiss, Dkt. Nos. 10-3, 10-4, and 10-5. The driver's license was issued in 2022, the concealed firearm permit in 2024, and the vehicle registration certificate on January 1, 2025. All of those predate the filing of the Complaint. Even if the documents shown in the photographs are authentic, they do not prove that he was domiciled in Utah when the Complaint was filed. Records from throughout 2025 support that Kline and his wife were domiciled in Mississippi when the Complaint was filed. Kristen obtained a nursing license in Mississippi in January. The two got married in March in Rankin County, the same county where their home is located. In May, Kristen Kline formed an LLC in Mississippi and listed herself as the manager and registered agent who could be served at their home in Pearl. One day after Plaintiffs filed their Complaint, Kline conveyed his home in Pearl to his wife and "Theodore Joseph Kline." *See* June 2025 Deed, Exh. "4" to Plts. Resp. In August, Kline filed an annual report for Behind Enemy Lines LLC, an Illinois limited liability company he evidently manages, and listed his home address in Pearl as the company's principal place of business. *See* Behind Enemy Lines Annual Report dated August 6, 2025, Exh. "5" to Plts. Resp.

Despite having ample information to support their assertion that Kline resides in Mississippi, Plaintiffs also hired a private investigator in Utah to investigate whether Kline currently lives there. The investigator found no active information to support that suggestion. *See* Declaration of Shanna Wyatt, Exhibit "8" to Plts. Resp. Investigator Shanna White searched Utah driver license records and found no current Utah license issued to Kline. *Id.* at ¶6. White also searched Utah motor vehicle records but found no vehicle registration issued to Kline. *Id.* at ¶7. White did not consider Kline's purported concealed firearm permit to be evidence of Utah residency because residency is not required to obtain the permit. *Id.* at ¶8.

7

Whether Kline once lived in Utah is irrelevant. As alleged in the Complaint, he was domiciled in Mississippi when the Complaint was filed. Plaintiffs have made more than a *prima facie* showing that personal jurisdiction over Kline is proper. To the extent that the purported evidence Kline submitted suggests that he previously or currently lives in Utah, Plaintiffs have provided ample evidence to show  he was domiciled in Mississippi when the Complaint was filed. The Court should take the allegations in the Complaint as true, resolve all conflicts in favor of the Plaintiffs, and find that Kline is subject to general personal jurisdiction in the Southern District of Mississippi.

### III.    Kline was properly served with a copy of the Complaint and Summons at his residence in Pearl, Mississippi.

Kline also seeks dismissal for insufficient process and insufficient service of process under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), respectively. Kline was served with a copy of the Complaint and the summons on September 21, 2025, but he argues that the method of service was improper. Due to his own conduct, the method of service comports with Federal Rule of Civil Procedure 4.

Rule 4 requires service of a properly completed summons and a copy of the Complaint on each defendant in a civil action. Generally, an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or by "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e). In Mississippi, service of a summons and complaint on "an individual other than an unmarried infant or a mentally incompetent person" may be made "by delivering a copy of the summons and of the complaint to him personally or to an agent authorized by appointment or by law to receive service of process." M.R.C.P. 4(d)(1)(A).

The issue here is nearly identical to the issue addressed in *Slaieh v. Zeineh*, 539 F. Supp. 2d 864 (S.D. Miss. Feb. 25, 2008), and the result should be too. In *Slaieh*, the plaintiff hired a process server, Robert Young, to serve the defendant, Dr. Rasid Zeineh, with the summons and complaint. *Id.* at 866-867. Over several days, Young visited Zeineh's business and home addresses. *Id.* at 867. He knocked on the locked door at each address, but no one answered. *Id.* Young eventually caught Zeineh as he parked in the driveway at his home. *Id.* Young called out to Zeineh as he got out of his vehicle, identified himself to Zeineh, and told Zeineh he was there to serve legal documents from a court in the State of Mississippi. *Id.* Zeineh fled and refused to take the papers when Young attempted to hand them to him. *Id.* Young told Zeineh, "You are served." *Id.*

In *Slaieh*, the question before the Court was whether Mississippi Rule 4(d)(1)(A) requires in-hand delivery "of a copy of the summons and complaint to the defendant personally in a situation where the defendant is aware that service is being attempted and seeks to avoid service by refusing to accept service." *See id.* at 868. Since Mississippi courts had not addressed that issue, the Court considered the conclusion consistently reached by other courts and commentators "that where a defendant refuses to accept services of process, 'delivery' may be accomplished without physically placing the documents in the hands of the defendant." *Id.* at 868. The Court found that the defendant was properly served when he, "being apprised that [process server Robert] Young was a process server who was attempting to serve him with court documents from Mississippi, refused to accept the papers and turned away." *Id.* at 868-870.

Kline's own evasive actions justified the method of personal service employed here. Service of process "should not become a game of wiles and tricks and [Kline] should not be able to defeat service simply by refusing to accept the papers." *See Slaieh*, 539 F. Supp. 2d at 868 (quoting *62B Am. Jur. 2d, Process, § 190* (2005)). A process server made several attempts to serve

Kline at his residence but was met with vigilance and evasiveness. As discussed in *Slaieh*, "personal service of process does not require 'in hand' delivery when a defendant refuses to accept service of process." *Slaieh*, 539 F. Supp. 2d at 869. Even though Roberts did not actually hand the summons and complaint to Kline, Kline knew service was being attempted and tried to avoid service by stating that he no longer lives at the home. Thus, service was affected when the summons and complaint were left at his doorstep on September 21, 2025, and Kline was told as much through the intercom system of his home. The voice on the intercom was clearly Kline, because no one other than the owner of the home would have access to same. Kline knew the gig was up when he threatened to sue the process server as he was being served.

Even Kline's Motion itself is designed for misdirection. Kline is representing himself. He signed the Motion listing an Illinois P.O. Box as his address, listing an email address which is of foreign origin and untraceable, and a phone number with a Utah area code.

Kline relies on *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344 (5th Cir. 1992) and *Maschinenfabrik Reinhausen GmbH v. Shanghai Huaming Power Equipment Company*, No. 3:06-CV-0897-L, 2007 U.S. Dist. LEXIS 119055 (N.D. Tex. Mar. 31, 2007) to suggest that Plaintiffs failed to effect proper service. Neither case applies here.

In *Carimi*, the plaintiff, Eric Carimi, attempted service on Royal Carribean by mail under Federal Rule of Civil Procedure 4(c)(2)(C)(ii) by mailing a copy of the complaint, the summons, and a notice and acknowledgement form to Royal Carribean's agent. *Carimi*, 959 F.2d at 1345. The district court granted a default judgment in favor of Carimi after Royal Carribean failed to sign and return the acknowledgement form. *Id.* On appeal, the Fifth Circuit considered whether service on Royal Carribean by mail was properly affected under Rule 4(c)(2)(C)(ii), a subdivision of Rule 4 that has not existed since 1993. *See id.* In the context of mail service, the court mentioned

10

that "delivery is not synonymous with service." *Id.* at 1348. The same is not true for personal service. Under Rule 4(c)(2)(C)(ii), delivery was only the first of two steps required to effect mail service. *See id.* at 1347. The court explained, "If mail service is attempted and the acknowledgement form is not returned, there is no service." *Id.* Unlike mail service, personal service requires nothing more than delivery of a copy of the summons and of the complaint to the defendant. Kline was not served by mail; he was served personally under Rule 4 of the Federal and Mississippi Rules of Civil Procedure. *Carami* is inapplicable here.

Kline's reliance on *Maschinenfabrik Reinhausen* is also misplaced. In *Maschinenfabrik Reinhausen*, the plaintiffs' process server attempted to serve the defendant, a Chinese corporation, by handing a copy of the summons and the complaint to one of the defendant's employees. *Maschinenfabrik Reinhausen* at *2. Federal Rule of Civil Procedure 4(h) allows service on a foreign entity as provided by state law or by delivering the complaint and summons to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h). In Texas, where the complaint in *Maschinenfabrik Reinhausen* was filed, process may be served on a corporation's president, any of its vice presidents, or its registered agent. *See Maschinenfabrik Reinhausen* at *3. Since the process server delivered the summons and complaint to an employee who was not the defendant's officer, managing or general agent, president, vice president, or registered agent, the district court dismissed the action for insufficient service of process. *Id.* at *5-6.

*Maschinenfabrik Reinhausen* turned on the fact that the plaintiff failed to deliver papers to an appropriate person. Whether Plaintiffs process server delivered the summons and complaint to the appropriate individual is not in question here. Kline is an individual, not a corporation, partnership, or association, and is therefore subject to service under Federal Rule 4(e) instead of

Rule 4(h). Plaintiffs' process server affected service of process when he delivered a copy of the summons and the complaint to Kline personally at his home. *Maschinenfabrik Reinhausen* does not apply here.

IV. **The summons complies with Federal Rule of Civil Procedure 4(b) and is therefore sufficient process under Rule 12(b)(4).**

Kline contends that this action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(4). "An objection under Rule 12(b)(4) concerns the form of the process and is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." *Johnson v. City of Gulfport*, No. 1:24-cv-106-HSO-BWR, 2025 U.S. Dist. LEXIS 46831, at *5 (S.D. Miss. Mar. 14, 2025) (citation modified). The summons issued in this action is on form AO 440 (Rev. 06/12) from uscourts.gov. It names the court and the parties; is directed at Kline, the Defendant; states the name and address of David Ellis, the Plaintiffs' attorney; states that Kline must appear or defend within 21 days after service of the summons; notifies Kline that his failure to respond will result in a default judgment against him for the relief demanded in the complaint; was signed by the clerk or deputy clerk; and bears the Court's seal. The summons complies with Rule 4(b), and dismissal under Rule 12(b)(5) for insufficient process is improper.

**CONCLUSION**

Kline failed to assert the defenses listed in Federal Rule of Civil Procedure 12(b)(2)-(5) in a timely motion and therefore waived them. Even if Kline's Motion was timely, the defenses presented are not supported by fact or law. Kline and his wife live in Pearl, Mississippi. Thus, he is domiciled and subject to personal jurisdiction in the Southern District of Mississippi. Despite attempting to evade service by denying that he was present at his home, Kline was personally served with a copy of the Complaint and summons on September 21, 2025. And the summons

meets all requirements for a proper summons as described in Federal Rule of Civil Procedure 4(b).

Therefore, the Court should deny Kline's Motion to Dismiss.

This the 4th day of November, 2025.

Respectfully submitted,

ABC IP, LLC and RARE BREED TRIGGERS, INC.

By their attorneys,

MOCKBEE ELLIS, P.A.

By:  */s/ David B. Ellis*_____
DAVID B. ELLIS, MSB #102926
Local Counsel

MOCKBEE ELLIS, P.A.
125 S. Congress Street, Ste. 1820
Jackson, MS  39201
Tel: (601) 353-0035
Fax: (601) 353-0045
Email:  dellis@mhdlaw.com


Glenn D. Bellamy (Ohio Bar No. 0070321)
Wood Herron & Evans LLP
600 Vine Street, Suite 2800
Cincinnati OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243
Fax: (513) 241-6234

***Attorneys for Plaintiffs***

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 4, 2025, I electronically filed the foregoing with the Clerk of the Court using ECF system which will send notification of such filing on all counsel of record, and via email to Defendant, Jesse T. Kline, at his email address reflected on his Motion [Doc. 9] of jkline05191986@proton.me.

*/s/ David B. Ellis*
DAVID B. ELLIS