IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ABC IP, LLC, a Delaware limited liability company,**  **PLAINTIFFS**
**and RARE BREED TRIGGERS, INC.,**
**a Texas corporation**

v.                                              CIVIL ACTION NO. 3:25cv454-CWR-ASH

**JESSE T. KLINE, an individual**                              **DEFENDANT**

## SUR-REPLY TO DEFENDANT'S REPLY MEMORANDUM

Plaintiffs ABC IP, LLC and Rare Breed Triggers, Inc. submit this Sur-reply to Defendant's Reply Memorandum in Support of his Motion to Dismiss.

### INTRODUCTION

Plaintiffs filed their Complaint against Kline on June 23, 2025. Kline moved for dismissal of the Complaint, arguing lack of personal jurisdiction, insufficient process, and insufficient service of process. Plaintiffs responded to Kline's Motion. Then, Kline filed his Reply Memorandum in Support of his Motion to Dismiss. The Reply Memorandum included arguments and alleged evidence that was not included with his Motion to Dismiss or Memorandum in Support of his Motion to Dismiss. The Court should deny Kline's Motion to Dismiss based upon the arguments and evidence submitted in Plaintiffs' Response, Memorandum in Response, and herein. In fact, Kline's jurisdictional argument should be dismissed summarily as Kline is and has been receiving the homestead exemption for his home in Pearl since he purchased the property in 2024. Mississippi law provides that when a person receives that exemption, they "shall have their legal domicile in the State of Mississippi" and they "shall be subject to the jurisdiction of this state". See Miss. Code Ann. 27-33-63(2).

1

Exhibit "A"

**FACTS**

At first, Kline's argument in favor of dismissal for lack of personal jurisdiction was partially based on his claim that he is a Utah resident. He did not admit to ever living in Mississippi. Instead, Kline specifically argued that "MS has no legitimate interest in adjudicating a dispute involving a UT resident." *See* Kline's Mem. in Supp. Mot. to Dismiss, Dkt. No. 10 at 19. He claimed to be "an out-of-state individual" and said he "has no individual contact with Mississippi." *See id.* at p. 18 and p. 1. He also asserted that "no witness or evidence is located [in Mississippi]." *Id.* at 18. According to Kline, "[h]is sole connection with MS is his ownership of secondary real estate that does not alter his domicile." *Id.* at 10.

In response to Kline's Motion, Plaintiffs submitted documents showing that Kline owns a home in Pearl, Mississippi, was presented with a Marriage Certificate by the the Rankin County Circuit Clerk in March 2025, and listed his Pearl address as the principal place of business for a business he manages in August 2025. Plaintiffs further showed that Kline's wife formed a business in Mississippi in May 2025 with its principal office address at Kline's residence, can accept service at Kline's address as the registered agent for the business and obtained a Mississippi nursing license in January 2025. According to Kline, Plaintiffs' efforts are insufficient.

In his Reply Memorandum, Kline pivoted from one prong of the domicile analysis to another. Kline now seemingly admits that he resides in Mississippi but supposedly intends to return to Utah at some point in the future. *See* Reply Mem. at 3-4. He suggests that his residence in Mississippi is only temporary. *See id.* at 11 (". . . the defendant's domicile for jurisdictional purposes depends on your true, fixed, and permanent home, not one where you might temporarily reside for a government contract."). Kline filed seven exhibits with his Reply Memorandum as proof that he is a permanent resident of Utah: (1) a new sworn declaration, (2) a voter information

card, (3) a redacted copy of a web page purportedly showing his Utah voter registration information from votesearch.utah.gov, (4) registration renewal information from the secure.utah.gov, (5) a copy of a vehicle title status request from mwp.tax.utah.gov, (6) the Behind Enemy Lines LLC Application for Reinstatement Following Administrative Dissolution or Revocation, and (7) a copy of business entity search results from www.ilsos.gov.

## LAW & ARGUMENT

I.   **Plaintiffs' claims are not solely based on Kline's May 2024 Facebook post, and Plaintiffs plan to amend their Complaint to include infringement of a second patent.**

In his Reply Memorandum, Kline suggests that Plaintiffs' claims are based on "evidence that describes only pre-issuance (May 2, 2024 Facebook post), out-of-state conduct that could never rise to the injury of infringement as a matter of law ('247 Patent enforcement term began on July 16, 2024)." *See* Reply Mem. at 7. His reason for making that assertion is unclear. Regardless of his intent, Kline ignores Plaintiffs' allegation that he "has and is currently making, using, selling, and/or offering for sale a 3-Position "Super Safety" ("the Infringing Device"), which embodies the technology claimed in the '247 Patent." Compl., Dkt. No. 1 at ¶20. Plaintiffs also alleged that "Defendant has and continues to willfully contributorily infringe and/or induce infringement of at least Claim 15 of the '247 Patent by making, using, selling, offering for sale, importing and/or providing and causing to be used without authority in the United States, Infringing Device." *Id.* ¶32. As stated in their Complaint, Plaintiffs only included a picture of a Facebook post as an exemplary photograph of the Infringing Devices. *See* Compl. ¶22. Furthermore, once the present motions are decided, Plaintiffs intend to amend their Complaint to include an additional claim for infringement of a patent that was issued before Kline published the Facebook post.

Kline is not seeking dismissal for failure to state a claim. He only argues lack of personal jurisdiction, insufficient process, and insufficient service of process. The date Plaintiffs filed their

Complaint is the relevant date for purposes of determining whether personal jurisdiction exists. The date of the Facebook post in the Complaint does not impact that analysis and should be ignored.

II. **Plaintiffs submitted the exhibits to their Response Memorandum as indicia of domicile, and the documents Kline submitted with his Reply Memorandum are not probative of his domicile.**

Like the exhibits to his Motion to Dismiss, the new documents Kline submitted do not prove that Kline was domiciled in Utah when the Complaint was filed. In fact, public records prove otherwise.

Kline's new Declaration does not prove that he is domiciled in Utah. Instead, it further demonstrates his evasive conduct. In his Declaration, Kline states that he maintains permanent residency, personal property, and voting registration in Utah and intends to remain in Utah indefinitely. *See* Declaration of Jesse T. Kline, Dkt. No. 18-1 at ¶1. He could have easily provided a home address, a lease agreement, or a deed to show Utah residency, but he didn't. Instead, he redacted all addresses from his exhibits. And despite previously denying Mississippi residence altogether, he now admits that he lives in Mississippi but claims that he has only temporarily relocated here under some "contract" with the U.S. Department of Veterans' Affairs involving medical treatment and college education. *Id.* at ¶ 3. He did not provide a copy of that contract.

The voter information card Kline submitted hardly suggests that he was a Utah resident or domiciliary in June 2025, especially considering the more recent records that undermine its relevance. According to the voter information card, Kline registered to vote on November 4, 2022. *See* Voter Information Card, Dkt. No. 18-2. But a LexisNexis public records search revealed that Kline used his address at 643 April Sound to register to vote in Rankin County on July 25, 2024, and that he voted in Mississippi in November 2024. *See* Exhibit "1", LexisNexis Search Results. Kline may have been a registered voter in Utah three years before Plaintiffs filed their Complaint,

4

but he registered to vote in Mississippi last year. Kline's reliance on a 2022 Utah voter registration and failure to present his Mississippi registration is misleading at best.

Exhibit 3 to Kline's Reply Memorandum is a redacted copy of voter registration information from votesearch.utah.gov. Kline redacted the physical address and ballot mailing address listed with his registration. *See* Exhibit "2", Kline Unredacted Voter Information. According to Salt Lake County Assessor's Office online records, the physical address listed is a home owned by Amy and Dale Phillips, not Kline. *See* Exhibit "3", S Sugarloaf Lane Parcel Details. The ballot mailing address listed for Kline is a home address in Earlville, Utah. *See* Exhibit "2". Kline's voter registration information does not provide any clarity regarding his residence on June 23, 2025, when the Complaint was filed.

Kline also criticizes Plaintiffs' investigative efforts and suggests misconduct by Plaintiffs in omitting an Application for Reinstatement Kline filed for Behind Enemy Lines LLC from their Response Memorandum. *See id.* at 10. As discussed in Plaintiffs' Memorandum in Support of their Response, Kline was the manager of Behind Enemy Lines, an Illinois limited liability company that had a principal office address at Kline's home in Pearl. He now claims that using the Pearl address "was a clerical error promptly corrected by the Secretary of State." *Id.* at 10. But as of September 19, 2025, the Illinois Secretary of State website showed 643 April Sound, Pearl, MS 39208 as the principal address for Behind Enemy Lines. Exhibit "4" Behind Enemy Lines Entity Page, accessed September 19, 2025. Sometime between then and now, Kline changed the company's manager from Jesse Kline to Theodore Joseph Kline, the same name that appeared as a grantee on the deed to his home that Kline filed one day after Plaintiffs filed their Complaint in this case.

5

Citing *Hargrave v. Fibreboard*, 710 F.2d 1154 (5th Cir. 1983), Kline argues that "a foreign parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there." Reply Mem. at 7. Kline's reliance on *Hargrave* is misplaced. Plaintiffs do not contend that Kline is subject to personal jurisdiction in Mississippi due to his management of, or membership in, a limited liability company with a principal address in Mississippi. Rather, Plaintiffs presented that evidence as indicia of Kline's residence and domicile after he denied living in Mississippi. Kline, the managing member of Behind Enemy Lines LLC, applied for reinstatement of Behind Enemy Lines and changed its principal address to 643 April Sound, the address of the home Kline owned when the Complaint was filed. And

Contrary to Kline's sworn statements regarding his domicile, further investigation revealed that Kline claimed and received the homestead tax exemption for his home in Pearl beginning in 2024. *See* Exhibit "5", April Sound Landroll Inquiry. The homestead exemption is afforded to "homes legally assessed on the land roll, owned and actually occupied as a home by bona fide residents of [Mississippi], who are the heads of families." *See* Miss. Code Ann. § 27-33-3. In Mississippi, "claimants for homestead exemption in all instances shall have their legal domicile in the State of Mississippi, shall be subject to the jurisdiction of this state, shall be subject to and comply with the income tax laws, shall be subject to and comply with the road and bridge privilege tax laws thereof, and shall not be an elector in any other state." Miss. Code Ann. § 27-33-63(2). A claimant is not eligible for homestead exemption if he or his spouse "claims that he or she is a resident of some other state when assessed with income taxes in this state." *Id.* The same is true when a claimant or his spouse asserts that a motor vehicle he or she owns and/or possesses "has its legal situs in some other state." By claiming homestead exemption for his home in Pearl, Kline represented that he is legally domiciled in Mississippi and does not own or possess a motor vehicle

6

registered in another state. If he is not domiciled in Mississippi, as he continues to represent in this action, then he falsely and fraudulently claimed the exemption, which is a crime. *See* Miss. Code Ann. § 27-33-59.

Plaintiffs have no reason to pursue claims against Kline in a court that lacks personal jurisdiction over him. In fact, Plaintiffs' counsel asked Kline whether he would agree to waive service and personal jurisdiction defenses if Plaintiffs agreed to dismiss this action and refile it in a Utah federal court. *See* Emails with Kline. Kline responded that he is "only interested in ending this case in finality." *Id.* Like his evasion of a process server, Kline wants to evade Plaintiffs' claims rather than defend against them. Plaintiffs filed their Complaint in Mississippi because that is where Kline is domiciled and therefore where he committed the infringement described in the Complaint. Kline is subject to personal jurisdiction in this Court.

### III. Even if Kline is not subject to general personal jurisdiction, he is subject to specific personal jurisdiction under the Mississippi long-arm statute.

Despite denying residence in Mississippi in his Memorandum in Support of his Motion, Kline now admits to temporarily residing here. If his new assertion is true, Kline is subject to specific jurisdiction in Mississippi under Mississippi's long-arm statute.

The long-arm statute provides in pertinent part:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann. § 13-3-57.

Courts employ a two-part analysis to determine whether a defendant is subject to specific personal jurisdiction under Mississippi's long-arm statute. *See ITL Int'l, Inc. v. Constenla, S.A.*,

7

669 F.3d 493, 496 (5th Cir. 2012). First, courts examine whether the long-arm statute applies to the defendant. *See id.* Then, courts determine whether exercising personal jurisdiction over the dispute comports with the Due Process Clause of the Fourteenth Amendment. *Id.*

"By its plain terms, the [long-arm] statute applies to any corporation or person 'who shall do any business or perform any character of work or service in this state . . . .'" *Fitch ex rel. State v. Wine Express Inc.*, 297 So. 3d 224, 229 (Miss. 2020) (quoting Miss. Code Ann. § 13-3-57). Even if Kline is not domiciled in Mississippi, Plaintiffs believe and alleged in the Complaint that he has a place of business in the Southern District of Mississippi. Compl., Dkt. No. 1 ¶7. Kline performed some "character of work" in Mississippi when he sold or offered to sell the Infringing Device while located in Mississippi. *See* Compl. at ¶32. Thus, the long-arm statute establishes jurisdiction over Kline.

Specific jurisdiction comports with due process where (1) "the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) . . . the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) . . . the exercise of personal jurisdiction is fair and reasonable." *Fitch ex rel. State*, 297 So. 3d at 230 (quoting *Nordess v. Faucheux*, 170 So. 3d 454, 464 (Miss. 2015)). Once the plaintiff demonstrates that the first two prongs are satisfied, "the burden shifts to the [nonresident] to prove that jurisdiction would be unreasonable." *Id.* (quoting *Miller v. Provident Advert. And Mktg., Inc.*, 155 So. 3d 181, 191 (Miss. Ct. App. 2014)) (alteration in original).

No more than "a single purposeful contact" is necessary to satisfy the first-prong of the due process analysis "when the cause of action arises from the contact." *Id.* (citing *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1172 (5th Cir. 1985)). Plaintiffs asserted one count against

8

Kline: Indirect Infringement of the '247 Patent. *See* Compl. p. 7. At least some of the conduct alleged in the Complaint occurred while Kline lived in Mississippi. Thus, the first two prongs of the due process analysis are satisfied.

Mississippi's long-arm statute confers personal jurisdiction over Kline because he sold and offered to sell the Infringing Device while in Mississippi. And exercising specific personal jurisdiction over Kline comports with due process because Kline has sufficient minimum contacts with Mississippi and because Plaintiffs' cause of action arises out of those contacts.

### IV.     Kline was properly served.

Upon a reading of Kline's filings, it appears that the following is not contested by him:

1. Kline and his wife lived at the Pearl home at least part of the time from June 2025 to the present and their vehicle has remained in the driveway for most of that time.
2. On September 21, 2025, Kline appeared over the intercom system of the home where he could both see and talk to the process server. The process server called Kline by name, and informed him that he was leaving papers for him on the front doorstep and did in fact leave the Summons and Complaint on the doorstep.
3. Kline then was somehow able to ascertain the case information for this lawsuit, and was able to understand the claims being made against him such that he was able to file his Motion and Memorandum with the Clerk of this Court on October 14, 2025.

### CONCLUSION

The laws of this land are designed to protect litigants' rights, not to see who can win a game of cat and mouse. Defendants' actions in this case are designed to mislead, deceive and delay justice. If Kline had it his way, and the Court dismissed this case, then Plaintiffs would be left with no choice but file suit in Utah, but with no real information to locate or serve Kline, and

therefore Plaintiffs would be in the same boat there. The Court should deny Kline's motion, or at the very least allow an evidentiary hearing on these issues.

   This the 25th day of November, 2025.

              Respectfully submitted,

              ABC IP, LLC and RARE BREED TRIGGERS, INC.

              By their attorneys,

              MOCKBEE ELLIS, P.A.

           By: */s/ David B. Ellis*
              DAVID B. ELLIS, MSB #102926
              Local Counsel

MOCKBEE ELLIS, P.A.
125 S. Congress Street, Ste. 1820
Jackson, MS 39201
Tel: (601) 353-0035
Fax: (601) 353-0045
Email: dellis@mhdlaw.com

Glenn D. Bellamy (Ohio Bar No. 0070321)
Wood Herron & Evans LLP
600 Vine Street, Suite 2800
Cincinnati OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243
Fax: (513) 241-6234

***Attorneys for Plaintiffs***

## **CERTIFICATE OF SERVICE**

      I certify that on November 25, 2025, I electronically filed the foregoing with the Clerk of the Court using ECF system which will send notification of such filing on all counsel of record, and via email to Defendant, Jesse T. Kline, at his email address reflected on his Motion [Doc. 9] of jkline05191986@proton.me.

                                                   */s/ David B. Ellis*
                                                   DAVID B. ELLIS