## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**ABC IP, LLC, et al.,**
**Plaintiffs,**

**v.**



SOUTHERN DISTRICT OF MISSISSIPPI
**F I L E D**

**DEC –1 2025**

ARTHUR JOHNSTON
BY_____ DEPUTY

**Jesse T. Kline,**
**Defendant.**
**Civil Action No. 3:25-cv-00454-CWR-ASH**

### DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY AND MOTION TO STRIKE PLAINTIFFS' EXHIBITS

Plaintiffs' request to file a sur-reply is an improper attempt to cure their own defective jurisdictional briefing and to secure the last word in violation of the Federal Rules and this Court's Local Rules. Sur-replies are "heavily disfavored" and permitted only in "exceptional circumstances," which exist only when the movant raises new legal theories for the first time in a reply.  Defendant raised Mississippi's Long-Arm Statute (p. 7), General Jurisdiction (p. 8), Specific Jurisdiction (p. 12), Improper Service (p.19) in his opening Motion to Dismiss. Plaintiffs made the tactical choice to ignore the Long-Arm Statute and Specific Jurisdiction arguments and rely exclusively on an erroneous general-jurisdiction theory premised on a mistaken assumption of domicile and to argue that leaving papers on someone's porch constitutes proper service.  Defendant's reply brief merely responded to the issues Plaintiffs chose to brief and highlighted the arguments they decided not to address. This is not a "new argument." Tellingly, while Plaintiffs allege "new arguments" were made in the reply, they do not identify these alleged arguments.

Unable to justify their failure to address the long-arm statute or specific jurisdiction in their response, Plaintiffs now seek to use a sur-reply to rewrite their jurisdictional theory and

1

introduce evidence they improperly attached to their motion for leave. Plaintiffs improperly attach additional arguments and evidence that they should have included in their response; this is a thinly-veiled attempt to get the Court to examine their untimely contentions and is improper. Courts do not allow such do-overs nor should they even look at untimely arguments and evidence improperly presented. Plaintiffs' sur-reply is procedurally improper and substantively unnecessary, and their attached exhibits were filed without authorization. Because Plaintiffs fail to identify any new argument in the Defendant's reply, and because they filed their sur-reply and supporting exhibits before obtaining leave, this Court should (1) deny Plaintiffs' motion for leave, (2) strike the sur-reply and all attached exhibits, and (3) disregard any new facts or arguments raised therein under settled Fifth Circuit law.

## Factual and Procedural Background

On October 14, 2025, Defendant moved to dismiss Plaintiffs' Complaint for lack of personal jurisdiction, improper service, and improper process under Rule 12(b)(2),(4), and (5). Defendant's Motion (ECF 10) set forth three independent grounds demonstrating that the Court lacks jurisdiction: Mississippi's Long-Arm Statute is not satisfied under any prong. Specific jurisdiction is absent because Plaintiffs allege no conduct by Defendant purposefully directed at Mississippi relating to the asserted patent. General jurisdiction is absent because Defendant is not "essentially at home" or "domiciled" in Mississippi and is "domiciled" in Utah. Defendant supported his motion with declarations and documentary evidence properly attached under Rule 12(b)(2), (4), and (5).

## Plaintiffs' Response Waived Key Arguments

On October 28. 2025, Plaintiffs were granted an extension to reply until November 4, 2025. Plaintiffs filed their Response (ECF 14). Rather than addressing the long-arm statute or

specific jurisdiction in their brief, detailed initially in the Defendant's Motion to Dismiss, Plaintiffs skipped the statutory analysis entirely, did not brief any Mississippi long-arm prong, did not brief purposeful availment or minimum contacts, and only briefed general jurisdiction, erroneously asserting that Defendant was domiciled in Mississippi based solely on the deed and incidental third-party ties and temporary presents in the state. Plaintiffs also submitted an email that originated from settlement discussions and referenced potential litigation in Utah if Defendant waived certain defenses, an improper use of Rule 408-protected communications. Defendant's reply did not add new evidence or legal theories. Defendant filed his Reply on November 18, 2025 (ECF 18). The reply: His motion was filed timely; Reaffirmed the long-arm statute and specific-jurisdiction analysis already briefed; Demonstrated Plaintiffs' waived those arguments; Explained why the deed, and other third parties, do not establish domicile; highlighted their omission of the criminal acts by their agent; and responded narrowly to the issues Plaintiffs chose to raise. The reply did not assert new legal theories; it simply refuted Plaintiffs' arguments and presented proper exhibits to rebut domicile and their PI declarations. Plaintiffs filed an unauthorized Sur-Reply and Exhibits incorporated with their leave request to prejudice the Defendant, and attempted to re-brief their reply. Despite the explicit prohibition in Local Rule 7, Plaintiffs filed a sur-reply while requesting leave, attached five new exhibits, including new "jurisdictional evidence," and attempted to reopen and expand their arguments to fix their waived arguments. This is precisely the scenario courts condemn: a party trying to use a sur-reply to patch a defective brief and introduce new evidence that should have been included in its original response. The Court should deny their motion, reject this maneuver, and strike the improper filing.

## Argument

**I.  Plaintiffs cannot meet the "exceptional circumstances" standard because the Defendant raised no new legal theories in the reply. The Plaintiffs are merely trying to correct their waiver of the Long-Arm Statute and Specific Jurisdiction.**

Sur-replies are heavily disfavored in federal practice within the Fifth Circuit and are permitted only under narrow circumstances, typically when a reply brief raises a genuinely new legal argument that the nonmovant could not reasonably have anticipated.  The party seeking leave to file a sur-reply has the burden of showing that extraordinary circumstances exist by identifying new issues, theories, or arguments raised for the first time in its reply brief. "The Court rejects… late-filed Amended Brief incorporated as Exhibit 1 ⸙ Defendant's Motion for Leave to File Amended Brief in Support of Response to UMMC's Motion to Compel. The Court concludes that Defendants' untimely request to submit an amended brief is improper." *Univ. of Miss. Med. Ctr. v. Sullivan*, No. 3:19-cv-00459-CWR-LGI, 2021 U.S. Dist. LEXIS 226221, at 5 (S.D. Miss. Oct. 7, 2021) "Rule 7 of the Local Rules of Civil Procedure contemplates only the filing of: 1) a motion; 2) a response; and 3) a reply (also referred to as 'rebuttal')." *Id* at 4. "'Leave of court is required to file an additional brief because, inter alia, the movant is generally entitled to file the last pleading.'" *Id.* (quoting *Brown v. Wiggins*, 2019 U.S. Dist. LEXIS 133547, at *3). "Defendants' Amended Brief… was filed without leave of the Court… the Plaintiff's Motion to Strike… should be GRANTED." *Sullivan*, 2021 U.S. Dist. LEXIS 226221, at *3. "Leave of court to allow a sur-reply has been found appropriate where the moving party raised new arguments in the reply brief that went beyond rebutting the response." *Id.* "Plaintiffs have simply made conclusory statements about new arguments without identifying any new issue, theory, or argument first raised in the reply brief. They have not shown exceptional or extraordinary circumstances that warrant a sur-reply." See *Silo Restaurant Inc. v. Allied Prop.*

*Cas. Insur. Co.*, 420 F.Supp.3d. 562 (W.D. Tex. 2019); *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010) (quoting "[a]rguments raised for the first time in a reply brief are…waived.") *Murray v. TXU Corp.*, 2005 WL 1313412, at *4 (N.D. Tex. May 27, 2005)* (sur-replies permitted only when the movant 'injects new arguments'). "Plaintiff is not challenging any newly presented legal theories raised by the Defendants in their Reply. Plaintiffs simply want an opportunity to continue the argument." *Id.* "Sur-replies will generally only be permitted in exceptional circumstances." *Amargos v. Verified Nutrition*, 666 F. Supp. 3d at 1250 (citing *Fedrick & Garrison*). "To allow such sur-replies as a regular practice would put the court in the position of refereeing an endless volley of briefs." *Id.* (quoting *Garrison v. N.E. Ga. Med. Ctr.*, 66 F. Supp. 2d 1336, 1340 (N.D. Ga. 1999)). "A sur-reply is unnecessary… arguments not properly presented… or raised for the first time in a reply brief are deemed waived. To the extent Defendant's Reply raises new arguments… the Court will disregard such arguments." *Id.* A reply is expressly allowed to address arguments, factual assertions, or evidence raised by the opposing party, and doing so does not justify supplemental briefing. *Spring Indus., Inc. v. American Motorists Ins. Co.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991) (reply affidavits that respond to matters first raised in the response are proper).

"There will be instances… when a party should not be permitted to cure by way of reply what is in fact a defective motion, or when an injustice will otherwise result to the other party if a reply brief is augmented with new evidence…. And where a party has injected new evidentiary materials in a reply… the court may decline to consider them." *Id.* at ¶ 2.

"Neither the local rules of this Court nor the Federal Rules of Civil Procedure permit filing a sur-reply without leave. N.D. Tex. Civ. R. 7.1(e)–(f); *Progressive Concepts, Inc. v. Hawk Elecs., Inc.*, No. 4:08-CV-0438-Y, 2009 WL 10705253, at *1–2 (N.D. Tex. July 10, 2009) (Means, J.); see *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001) (stating that 'the movant is entitled to file the last pleading,' and that sur-replies 'usually are a strategic effort by the nonmovant to have the last word on a matter'). Indeed, 'sur-replies are "heavily disfavored," and the decision to allow a sur-reply lies within the district court's discretion.' *Ga. Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770, 774 (5th Cir. 2024) (citing *Butler v. S. Porter*, 999 F.3d 287, 297 (5th Cir. 2021)). The party seeking leave to file a sur-reply has the

burden of showing extraordinary circumstances exist by 'identify[ing] new issues, theories, or arguments that the movant raised for the first time in its reply brief or attempts to present new evidence at the reply stage.' *Bank of N.Y. Mellon Tr. Co. Nat'l Ass'n v. Meachum*, No. 3:20-CV-2250-L-BN, 2021 WL 2879617, at *4–5 (N.D. Tex. May 6, 2021) (Horan, J.) (citations omitted), adopted by 2021 WL 2677859 (N.D. Tex. June 30, 2021) (Lindsay, J.); see *Ga. Firefighters' Pension Fund*, 99 F.4th at 774–75 (holding that denial of a motion for leave to file a sur-reply was an abuse of discretion where the reply brief presented new evidence)." (quoting *Quezada v. United States,* No. 3:24-CV-564-L-BK, 2024 WL 4579923, at 1–2 (N.D. Tex. Oct. 22, 2024)).

Here, Plaintiffs make conclusory statements about new arguments without identifying any new theory or argument raised in the reply brief for the first time.  Plaintiffs only wish to file a sur-reply to resurrect their defective briefing and to attempt to circumvent the rule and obtain the last word.  Defendant's Reply did nothing more than respond directly to Plaintiffs' assertions regarding domicile, their exhibits, the improper service attempts, process-server criminal conduct, and Plaintiffs' failure to brief the Mississippi's long-arm statute and Specific Jurisdiction which require an analysis of the causal nexus link between the defendants May 2, 2024 Utah conduct, that could never give rise to the injury of infringement on the '247 patent as a matter of law as it's enforceable term began on July 16, 2024, meaning there is no statutory hook existed for a Mississippi injury as proof by their evidence.  This nearly identical statement was presented in the Defendant's opening memorandum and was subsequently ignored by the Plaintiffs in their opposition. The Defendant also highlighted this omission in his reply to the court, pointing out that the plaintiffs have waived these key arguments.  Unsurprisingly, Plaintiffs unknowingly claims for them, this sounds like "failure to state a claim," and further state they are unsure of what is being argued, it is quite the contrary, as the court undoubtedly understands; these are jurisdictional facts, and part of a jurisdictional analysis required by the three prongs of the Mississippi Long-Arm Statute, and Specific Jurisdiction, as the Defendant's forum related conduct must give rise to the Plaintiffs' forum related cause of action or injury.  The evidence the Plaintiffs used in their complaint can never give rise to infringement as a matter of law, as that

conduct occurred in Utah, and before the '247 patent became enforceable, and why the tort prong of the Long-Arm statute and Specific Jurisdiction failed.  The court should not disregard the date of the evidence, as the Plaintiffs wish to use it in another context. Those, as mentioned earlier, are jurisdictional facts, and plaintiffs now implicitly admit that their jurisdictional failure can only capture the Defendant's May 2, 2024, Utah conduct by introducing an entirely new patent infringement theory.  Plaintiffs refuse to admit they chose not to brief these arguments and only wish to dishonestly portray their waiver to the court as new arguments, when they were actually briefed in full by the Defendant in his opening memorandum on October 14th, 2025. [EFC 10.]

Instead of completing a proper brief with an extension to 21 days, Plaintiffs decided to pay for PI services to have them erroneously declare that Defendant's valid documents were fake, surrendered, or could not be located, claims that were correctly rebutted by the Defendant's Utah Government queries as exhibits in his rebuttal.  Plaintiffs paid another PI to declare he attempted service on days that are contrary to the evidence on record, and omitted his criminal acts, which were rebutted correctly by the Defendant's sworn declaration and surveillance evidence attached to his opening memorandum.  All of the new evidence attached in the sur-reply was in the Plaintiffs' possession as of September 19, 2025, or otherwise readily obtainable, and they chose not to bring it in their opposition.  Ironically, Plaintiffs even went so far as to claim the Defendant waived his 12(b)(2), (4), and (5) defenses by not filing on a federal holiday in a frivolous waiver theory argument briefed to this Court.  In doing so, Plaintiffs strategically chose not to argue the full personal jurisdiction analysis in their opposition brief, and thereby waived these arguments, as bringing them in a sur-reply is untimely and barred.  Their request is nothing more than an untimely attempt to re-litigate issues they knowingly waived. The Court should not permit Plaintiffs to evade the consequences of their own strategic choices.

Plaintiffs' conduct is even more improper than the non-movant's behavior in *Quezada*. There, the sur-reply was stricken because it was filed without leave and because no extraordinary circumstances justified it. Here, although Plaintiffs nominally requested leave, they committed the same procedural violation by filing their entire sur-reply brief and all supporting exhibits simultaneously with the motion for leave, rather than waiting for the Court's authorization. This is a blatant attempt to prejudice the Court with additional arguments and evidence that Defendant cannot respond to without authorization for yet another brief. Fed. R. Civ. P. 7(b) and the Local Rules require that leave be granted before a sur-reply may be filed; a party cannot unilaterally place improper briefing and evidence on the docket under the cover of a motion for leave. Courts regularly strike such filings because allowing parties to file the brief first and seek permission later defeats the gatekeeping purpose of requiring leave and unfairly injects new materials into the record before the Court has determined they are proper.

Indeed, the reasoning of *Quezada* applies with even greater force here: Plaintiffs are attempting to secure the "last word" by submitting a full merits brief and multiple exhibits before obtaining permission, which is exactly the type of strategic, end-run maneuver that courts condemn when they describe sur-replies as "heavily disfavored." See *Quezada*, 2024 WL 4579923, at *2. In *Quezada,* the court struck a sur-reply because, just as here, (1) the non-movant filed a sur-reply without first obtaining leave, (2) no new arguments were made, and (3) the sur-reply reflected an improper attempt to "have the last word." *Quezada* is directly analogous and strongly supports striking Plaintiffs' filing. First, in *Quezada*, the court held that sur-replies are heavily disfavored and may not be filed without leave, citing Local Rule 7 and emphasizing that neither the Federal Rules nor local rules authorize such filings. Here, Plaintiffs filed their entire sur-reply and exhibits simultaneously with their motion for leave, precisely the

8

improper sequence condemned in *Quezada*. Plaintiffs' conduct violates the same procedural rules and warrants the same remedy: striking the improper filing and denying the motion. Second, *Quezada* held that a sur-reply is justified only when the movant's reply raises genuinely new legal arguments, and the burden is on the party seeking leave to prove "extraordinary circumstances." In *Quezada*, the court reviewed the reply and found no new issues. The court therefore denied leave and struck the sur-reply. The same is true here: Plaintiffs identify no new legal theories in Defendant's reply brief. Defendant's reply merely corrected factual inaccuracies, rebutted Plaintiffs' arguments, and cited authority already relevant to the briefing. No "extraordinary circumstance" exists that would justify a sur-reply under *Quezada*. Third, *Quezada* emphasized that courts will not permit a sur-reply where it merely constitutes an attempt to "have the last word," as this undermines the orderly briefing sequence under Rule 7(b) and local rules. Plaintiffs' proposed sur-reply is exactly that, an impermissible effort to reargue issues already briefed and to repair the substantial defects in their own jurisdictional briefing. Under *Quezada*, this is improper and provides no basis for leave. Finally, *Quezada* reinforces that a sur-reply may not be used to introduce new evidence. In that case, the plaintiff attempted to rely on new materials in the sur-reply, but the court struck the filing outright. Plaintiffs' submission here includes multiple new exhibits, Exhibits 1 through 5, that were never previously referenced, and they represent the same improper tactic rejected in *Quezada*. The Court should therefore deny Plaintiffs' Motion for Leave, and strike the sur-reply and exhibits.

Even the plaintiffs' own cited case demonstrates that the Southern District of Mississippi has already addressed this precise issue in *Univ. of Mississippi Medical Center v. Sullivan*, where the court struck a supplemental brief incorporated as an exhibit to a motion for leave to file an amended brief, like Plaintiffs' filing here, which was submitted without leave and in an attempt

to repair prior defective briefing. The court held that "Rule 7... contemplates only the filing of a motion, a response, and a reply," and that "leave of court is required to file an additional brief because...the movant is generally entitled to file the last pleading." *2021 U.S. Dist. LEXIS 226221, at *4 (S.D. Miss. Oct. 7, 2021). Here, Plaintiffs committed the same procedural violation: they filed a full sur-reply and five exhibits incorporated in their motion for leave to file a sur-reply before receiving permission to do so, which is precisely the conduct *Sullivan* found improper, struck the incorporated exhibits, and denied their leave motion. As in *Sullivan*, Plaintiffs' sur-reply is an untimely attempt "to retrospectively alter the record" and to cure substantial defects in their Response, conduct the court called "improper." Under *Sullivan*, this Court should strike Plaintiffs' unauthorized sur-reply and deny leave because supplemental briefing is permitted only when truly new matters appear in the reply that went beyond rebutting, which Plaintiffs do not and cannot identify.

Attachments accompanying a motion for leave are only authorized for amended and supplemental pleadings under Local Rules 7.2 and 15, not for briefings. A sur-reply is not a pleading under Rule 7(a), and the Mississippi Southern District Local Rules do not authorize sur-replies in the ordinary course. Because Local Rule 7(b)(4) provides only for a motion, a response, and a rebuttal, any further briefing constitutes an unauthorized supplemental memorandum brief that may only be filed if leave is granted. Plaintiffs violated LR 7(b) by filing their sur-reply and exhibits before obtaining leave, making the filing procedurally improper and subject to being stricken, regardless of whether the Court ultimately denies their request for leave. Their simultaneous filing of the sur-reply brief and exhibits attached to their motion for leave shows disregard for the rules, suggests tactical sandbagging, and further underscores the absence of any extraordinary circumstances that would justify granting leave. Because the

Defendant's Reply did not introduce any new legal theories, Plaintiffs' leave motion for a sur-reply is untimely, as the briefing period has closed, and Plaintiffs cannot meet the legal requirements for requesting additional leave. Their motion should be denied, the request and exhibits should be stricken, and the court should disregard Plaintiffs' new argument or evidence as they have been waived, are not timely, and barred.

## II.    Plaintiffs' Improper Conduct, Bad-Faith Tactics, and Procedural Violations Warrant Striking the Sur-Reply and Exhibits

Plaintiffs' motion for leave is further undermined by a pattern of improper litigation conduct that independently warrants striking the proposed sur-reply and exhibits. First, Plaintiffs have improperly relied on statements made during confidential settlement discussions to support their jurisdictional arguments. Federal Rule of Evidence 408 expressly prohibits the use of "conduct or a statement made during compromise negotiations" to prove or disprove "the validity or amount of a disputed claim." Fed. R. Evid. 408(a)(2). Plaintiffs' effort to invoke settlement-related communications apparently to suggest jurisdictional concessions or strategic positions is a direct violation of Rule 408. It is impermissible to use this information for any purpose related to proving domicile, personal jurisdiction, or any fact in dispute. Plaintiffs' improper attempt to weaponize confidential settlement communications for litigation advantage is noted. This email chain, referenced by the plaintiff, further demonstrates the plaintiff's bad faith.

Second, Plaintiffs engaged in improper ex parte-adjacent communication by sending a substantive email to the Court's chambers announcing their intention to file a sur-reply. Neither the Federal Rules of Civil Procedure nor the Local Rules of the Southern District of Mississippi authorize parties to make substantive requests by email. Fed. R. Civ. P. 7(b)(1) requires that "a request for a court order must be made by motion," and the Local Rules strictly limit

communications with chambers to non-substantive scheduling inquiries. Plaintiffs' unsolicited email attempted to present their request to the Court outside normal motion practice, bypassing procedural safeguards and depriving Defendant of a fair opportunity to respond. This tactic undermines the orderly administration of the docket and reflects a willingness to circumvent established rules when convenient. Third, Plaintiffs filed their entire proposed sur-reply and five new exhibits at the same time they filed their motion for leave, before receiving permission to do so. This is procedurally improper and highly prejudicial. Parties may not circumvent Rule 7(b) and local procedures by unilaterally inserting unauthorized, supplemental briefing into the record. Courts routinely strike sur-reply materials filed before leave is granted because such filings improperly expand the record and risk influencing the Court before the opposing party can be heard. Plaintiffs' premature filing appears calculated to force new evidence and new legal theories into the docket under the guise of a "proposed" sur-reply, despite knowing such materials were not part of their Opposition and would otherwise be barred as waived.

Fourth, Plaintiffs' conduct reflects a transparent attempt to cure fatal defects in their Opposition rather than address any "new argument" in Defendant's Reply. Their Opposition wholly failed to analyze Mississippi's long-arm statute, an omission that is dispositive under Fifth Circuit precedent. See *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997). Instead of accepting the consequences of their waiver, Plaintiffs now attempt to add new statutory theories, new factual assertions, and new evidence, including homestead documents, voter records, and alleged business-activity records. This constitutes exactly the kind of belated, strategic backfilling that sur-replies are not designed to allow.

Here, Defendant's Reply did not raise any new legal theories. Plaintiffs simply "want an opportunity to continue the argument," which is impermissible. Their filing reveals not a

12

response to a new matter, but a post-hoc attempt to repair a briefing that was incomplete and legally deficient from the outset. Taken together, Plaintiffs' reliance on inadmissible settlement material, their improper communication with chambers, their premature filing of the sur-reply and exhibits before obtaining leave, and their attempt to cure waived arguments and defective briefing constitute bad-faith litigation tactics that undermine their credibility and prejudice the orderly resolution of this motion. These actions show a pattern of disregard for the Federal Rules of Civil Procedure, the Local Rules, and basic principles of fair advocacy. Accordingly, the Court should strike Plaintiffs' proposed exhibit sur-reply and all accompanying exhibits and deny their motion for leave in its entirety.

### Conclusion

Plaintiffs have failed to identify any new legal theory raised in Defendant's Reply. They therefore cannot meet the "exceptional circumstances" threshold required for a sur-reply under controlling Fifth Circuit law. Instead, Plaintiffs seek to use a sur-reply to repair their own defective jurisdictional briefing, introduce new evidence that should have been included in their original response, and improperly obtain the last word, conduct squarely prohibited by Rule 7(b), Local Rule 7(2), and the authorities holding that sur-replies are "heavily disfavored" and may not be used as a vehicle to backfill waived arguments. Their premature filing of the full sur-reply and five new exhibits before receiving leave, their improper use of Rule 408-barred settlement communications, and their email communication regarding substantive matters with chambers only underscore the bad-faith nature of their request. Because Defendant's Reply merely responded to the arguments Plaintiffs elected to brief, arguments waived, and raised nothing new, Plaintiffs' motion for leave should be denied, their attached sur-reply and all exhibits should be stricken, and the Court should disregard all new arguments and evidence as untimely and waived. In the alternative, if the Court grants Plaintiffs leave to file a sur-reply, Defendant

requests that the Court strictly limit any sur-reply to the specific exhibits attached and any

alleged new arguments introduced for the first time since the Motion to Dismiss that the Court

can identify. This is because Plaintiffs waived the Mississippi long-arm and specific-jurisdiction

arguments by not briefing them, and the Defendant should also be granted leave to file a sur-sur-

reply to avoid prejudice from any new arguments or evidence and to maintain orderly briefing.

Respectfully Submitted,

Jesse T. Kline, Defendant, *Pro Se*
P.O. Box 106
Mendota, IL 61342
Jkline05191986@proton.me
(385)341-5369
December 1, 2025

14

## CERTIFICATE OF SERVICE

I hereby certify that on this __1__ day of __December__ , I electronically filed the foregoing: Defendant's Opposition to Plaintiffs Motion for leave to file sur-reply, Motion to Strike Plaintiffs' Unauthorized Exhibits, Memorandum in Support of Defendant's Opposition to Plaintiffs Motion for leave, and Motion to Strike with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all counsel of record.

Respectfully submitted,

Jesse T. Kline
Defendant, Pro Se
P.O. Box 106
Mendota, IL 60518
jkline05191986@proton.me
(385) 341-5369