IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ABC IP, LLC, a Delaware limited liability company,**　　　　　　**PLAINTIFFS**
**and RARE BREED TRIGGERS, INC.,**
**a Texas corporation**

v.　　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 3:25cv454-CWR-ASH**

**JESSE T. KLINE, an individual**　　　　　　　　　　　　　　　　**DEFENDANT**

## PLAINTIFFS' REBUTTAL IN SUPPORT OF
## MOTION FOR LEAVE TO FILE SUR-REPLY

Plaintiffs ABC IP, LLC and Rare Breed Triggers, Inc. submit this Rebuttal in Support of their Motion for Leave to File Sur-reply to Defendant's Reply Memorandum in Support of his Motion to Dismiss.

### INTRODUCTION

Plaintiffs seek leave to file a Sur-reply to Kline's Reply Memorandum in Support of his Motion to Dismiss. The Court should allow Plaintiffs to file their proposed Sur-reply because Kline presented arguments and evidence in his Reply Memorandum that he did not present in his Motion to Dismiss or his Memorandum in Support.

### FACTS AND PROCEDURAL HISTORY

In response to Plaintiffs' Complaint, Kline filed Defendant's Special Appearance Motion to Dismiss Under Rules 12(b)(2), 12(b)(4) and 12(b)(5), Dkt. No. 9, and his Memorandum of Law in Support of his Motion, Dkt. No. 10. He argued that he "is domiciled in Utah," "is not domiciled in Mississippi," "has no individual contact with Mississippi[,] and has not purposefully directed any activity toward [Mississippi]." *See* Kline's Mem. in Supp., Dkt. No. 10 at 1. He stated that he "owns real property located in MS; however, that ownership is purely incidental and does not reflect residence, domicile, or continuous operations." Kline's Mem. in Supp. Mot. to Dismiss,

1

Dkt. No. 10 at 12. He specifically argued that "MS has no legitimate interest in adjudicating a dispute involving a UT resident." *See id.* at 19. He claimed to be "an out-of-state individual." *See id.* at 18. He maintained that "[h]is sole connection with MS is his ownership of secondary real estate that does not alter his domicile." *Id.* at 10.

Kline filed ten exhibits to his Memorandum in Support: (1) an excerpt of Plaintiffs' Complaint; (2) U.S. Patent No. 12,038,247; (3) photo identification; (4) a "vehicle registration certificate"; (5) a screenshot of votesearch.utah.gov; (6) a photo of Plaintiffs' process server; (7) photos from Kline's surveillance camera dated July 6, 2025; (8) photos from Kline's surveillance camera dated July 7, 2025; (9) photos from Kline's surveillance camera dated September 21, 2025; and (10) Declaration of Service of Ben Roberts.

In response, Plaintiffs submitted contradictory evidence suggesting that Kline at least resided in and was domiciled in Mississippi when Plaintiffs filed their Complaint in this action. Then, in his Reply Memorandum, Kline admitted that he lives in Mississippi but claimed that he only resides in the state temporarily and intends to return to Utah in the future. *See* Reply Mem. at 3-4, 11. Kline filed seven exhibits with his Reply Memorandum as proof that he is a permanent resident of Utah: (1) a new sworn declaration, (2) a voter information card, (3) a redacted copy of a web page purportedly showing his Utah voter registration information from votesearch.utah.gov, (4) registration renewal information from the secure.utah.gov, (5) a copy of a vehicle title status request from mwp.tax.utah.gov, (6) the Behind Enemy Lines LLC Application for Reinstatement Following Administrative Dissolution or Revocation, and (7) a copy of business entity search results from www.ilsos.gov. *See* Dkt. Nos. 18-1 through 18-7.

Because Kline's Reply Memorandum contained new arguments that were not in his Memorandum in Support and attempted to present new evidence, Plaintiffs filed their Motion for

Leave to File Sur-reply to Defendant's Reply Memorandum, Dkt. No. 19. Plaintiffs filed their proposed Sur-reply as Exhibit "A" to their Motion for Leave. *See* Dkt. No. 19-1. They also filed five proposed exhibits to their proposed Sur-reply. *See* Dkt. Nos. 19-2 through 19-6.

Kline filed his Opposition to Plaintiffs' Motion for Leave to File Sur-reply, Dkt. No. 20. He contends that Plaintiffs "filed their sur-reply and supporting exhibits before obtaining leave" and asks the Court to "(1) deny Plaintiffs' motion for leave, (2) strike the sur-reply and all attached exhibits, and (3) disregard any new facts or arguments raised therein under settled Fifth Circuit law." *See* Kline Mem. in Opp'n to Plaintiffs' Mot. for Leave, Dkt. No. 22. at 2. He also filed a separate Motion to Strike Plaintiffs' Unauthorized Exhibits, Dkt. No. 21.

## LAW & ARGUMENT[1]

Citing *Quezada v. United States*, No. 3:24-CV-564-L-BK, 2024 WL 4579923 (N.D. Tex. Oct. 22, 2024), Kline contends that "a sur-reply is justified only when the movant's reply raises genuinely new legal arguments." *See* Kline Mem. in Opp'n, Dkt. No. 22 at 9. He is wrong. Although Local Uniform Rule of Civil Procedure 7 "does not contemplate the filing of a sur-reply . . . a sur-reply is appropriate when the movant's rebuttal raises new legal theories or attempts to present new evidence at the reply or rebuttal stage." *Secherest v. City of Lexington*, 2024 U.S. Dist. LEXIS 38088, No. 3:24-cv-34-TSL-MTP, at *3 (S.D. Miss. Mar. 5, 2024) (citation modified). In his Reply Memorandum, Kline raised new arguments and attempted to present new evidence. Therefore, a sur-reply is appropriate here.

Plaintiffs identified Kline's new arguments in their proposed Sur-reply, Dkt. No. 19-1. Kline first suggested that he does not live in Mississippi at all. Then, after Plaintiffs presented

---

[1] Plaintiffs intend to address the relevant, pertinent issues raised in Defendant's Response, and their silence on other statements in Defendant's Response is not an admission of any assertions or allegations.

3

evidence that shows otherwise, he admitted that he resides in Mississippi—at least temporarily—and shifted his personal jurisdiction arguments accordingly. Plaintiffs' Motion for Leave to File Sur-reply was prompted in part to address those new positions. For example, once Kline admitted in his Reply that he does reside in Mississippi, Plaintiffs located evidence that shows that his residence is not only temporary. Specifically, Plaintiffs intend to show the Court that Kline claimed the homestead exemption for his residence in Pearl, Mississippi, indicating that he is domiciled there. Plaintiffs could not rebut Kline's temporary residence argument before now because he did not assert it before filing his Reply Memorandum.

In addition to new arguments, Kline presented new evidence in his Reply Memorandum. Kline initially filed his Motion to Dismiss, his Memorandum in Support, and ten exhibits. *See* Dkt. Nos. 9, 10, 10-1 through 10-10. Then, Kline submitted his Reply Memorandum, Dkt. No. 18, and seven exhibits. Six of those seven exhibits had not been submitted with Kline's Motion or his Memorandum in Support. Kline presented them for the first time in his Reply. Kline's attempt to present new evidence at the reply stage necessitated a sur-reply from Plaintiffs.

Kline also argues that Plaintiffs improperly filed their sur-reply and exhibits before obtaining leave. *See* Kline Mem. in Opp'n, Dkt. No. 22 at 10. Plaintiffs, however, did not file a sur-reply. Instead, Plaintiffs' filed their Motion for Leave to File Sur-reply to Defendant's Reply Memorandum, Dkt. No. 19, and filed a proposed Sur-reply as Exhibit "A" to the Motion. Plaintiffs intend to file their proposed Sur-reply as a separate document only if the Court grants their Motion for Leave.

Kline cites *University of Mississippi Medical Center v. Sullivan*, 2021 U.S. Dist. LEXIS 226221 (S.D. Miss. Oct. 7, 2021) in support, but that case does not apply here. In *Sullivan*, the University of Mississippi Medical Center ("UMMC") filed a motion to compel production of

4

certain materials as part of discovery, the defendants filed a response and supporting memorandum, and UMMC filed a Reply. *See id.* at *3. After the Court ruled on the motion to compel, the defendants filed an amended brief in support of their response to the motion "in order to correct inaccurate, false, and untruthful representations to the Court via counsel." *See id.* at *4-5. Defendants did not seek leave to file their amended brief until after they filed the amended brief itself. *See id.* The Court noted that the motion was untimely because the Court had already ruled on the motion to compel and found that a supplemental brief—not an amended brief—was the appropriate procedural mechanism for accomplishing the defendants' goal of correcting prior misrepresentations. *See id.* at *5-6.

Here, the Court has not ruled on Kline's Motion to Dismiss, so Plaintiffs' Motion for Leave is not untimely. Further, Plaintiffs are not seeking leave to amend any previous submission. Aside from the Court's short discussion of briefing rules, *Sullivan* is inapplicable here.

Finally, Kline's Memorandum in Support of his Motion to Dismiss and his Reply Memorandum are a combined fifty pages in length. Plaintiffs Response Memorandum barely exceeded twelve pages in substance. Allowing Plaintiffs to submit a sur-reply will not result in any undue delay or prejudice to Kline.

## CONCLUSION

Plaintiffs seek leave to file a Sur-reply to Defendant's Reply Memorandum. The Court should grant the Motion and allow Plaintiffs to file their proposed Sur-reply, which was submitted as Exhibit "A" to Plaintiffs' Motion for Leave, because Kline presented new arguments and new evidence in his Reply Memorandum in Support of his Motion to Dismiss.

This the 8th day of December, 2025.

        Respectfully submitted,

        ABC IP, LLC and RARE BREED TRIGGERS, INC.

        By their attorneys,

        MOCKBEE ELLIS, P.A.

By: */s/ David B. Ellis*
     DAVID B. ELLIS, MSB #102926
     Local Counsel

MOCKBEE ELLIS, P.A.
125 S. Congress Street, Ste. 1820
Jackson, MS 39201
Tel: (601) 353-0035
Fax: (601) 353-0045
Email: dellis@mhdlaw.com

Glenn D. Bellamy (Ohio Bar No. 0070321)
Wood Herron & Evans LLP
600 Vine Street, Suite 2800
Cincinnati OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243
Fax: (513) 241-6234

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on December 8, 2025, I electronically filed the foregoing with the Clerk of the Court using ECF system which will send notification of such filing on all counsel of record, and via email to Defendant, Jesse T. Kline, at his email address reflected on his Motion [Doc. 9] of jkline05191986@proton.me.

                                                    */s/ David B. Ellis*
                                                    DAVID B. ELLIS